UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA        :
                                :
v.                              :   Case No. 1:14-cr-209 (TSC)
                                :
RYAN HARSHA,                    :
                                :
        Defendant.              :

## UNITED STATES' MEMORANDUM IN AID OF SENTENCING

The United States of America respectfully submits this Memorandum in Aid of Sentencing.

### BACKGROUND

Defendant Ryan Harsha was charged by complaint on August 19, 2014, with Fraud and Related Activity in Connection with Identification Documents, in violation of 18 U.S.C. § 1028(a). The Court on that date granted a motion brought by the United States to temporarily detain the defendant pending trial because of a risk of flight, and the defendant remains detained. Defendant Harsha pleaded guilty on October 22, 2014, to an information charging one count of Fraud and Related Activity in Connection with Identification Documents, in violation of 18 U.S.C. § 1028(a). Sentencing is scheduled for December 22, 2014.

At the plea hearing, defendant Harsha admitted that in March of 2013 he operated a business creating and selling false identification documents from his home in Washington, D.C. The defendant operated the illegal business using the name "24hourID," and advertised the false identification documents on the online service YouTube. He created the false identification documents in his home using materials he had obtained, including holographic laminates, laptop computers, photo printers, electronic scanners, and card stock.

1

Defendant Harsha came to the attention of law enforcement after a package destined for his home address, but originating in Malaysia, was intercepted by law enforcement authorities and found to contain hundreds of holographic laminates with the image of the seal of the State of Illinois Motor Vehicle Agency. The package was addressed to "Lee Majors," which is one of several aliases that defendant Harsha has used in the community. Law enforcement agents conducted a controlled delivery of the package using an undercover officer on March 13, 2013. Defendant Harsha told the agents that the name on the package was his, but denied that he was expecting a package, and stated that the name was misspelled – he explained that his name was spelled "Mayjors" instead of "Majors." Law enforcement executed a search warrant at the home that same day, and recovered numerous items used in the production and distribution of false identification documents. Law enforcement also recovered false identification documents with defendant Harsha's photograph and several different names. One of the names on the false identification documents was that of a Washington, D.C., resident whose home defendant Harsha had visited in his work as a dog walker. The resident did not consent to the use of his or her name on a false identification document bearing defendant Harsha's photograph.

The Court issued an arrest warrant for defendant Harsha on July 30, 2014. In efforts to execute the warrant, law enforcement learned that defendant Harsha had been using numerous aliases in the community, including some of the names found on the false identification documents bearing defendant Harsha's photograph. One of the aliases that defendant Harsha had been using was that of the Washington, D.C., resident whose home defendant Harsha had visited in his work as a dog walker. The defendant was arrested in Washington, D.C., on August 15, 2014. He fled from law enforcement on foot prior to his arrest, and a chase ensued in the Dupont Circle neighborhood. When defendant Harsha was apprehended, law enforcement found on his person

two false identification documents with his photograph, one of which bore the name of the dog walking client. On the day he was arrested, defendant Harsha had pending criminal charges in five separate jurisdictions, with several outstanding warrants for his arrest.

## SENTENCING RECOMMENDATION

The United States respectfully recommends that the Court impose a sentence of 14 months of incarceration, followed by three years of supervised release, and a special assessment fine of $100. Such a sentence is in the middle of the Sentencing Guidelines range, and is appropriate for several reasons.

First, this was a serious and brazen offense that had the potential to place false identification documents in the hands of people who could use them for unlawful means. The creation and distribution of false identification documents may facilitate additional serious crimes such as identity theft because the utility of a false identification document is that the bearer may disguise his or her true identity. The defendant committed this crime for money, and did so in a public manner by disguising his own identity in the process.

Second, the defendant used sophisticated means and methods to conduct the illegal enterprise. These included the: (a) use of holographic laminate heal seal covers, which are designed to be not easily duplicated; (b) international shipment of the holographic laminate heat seal covers from Malaysia to Washington, D.C.; (c) use of aliases in the operation of the business to avoid detection; (d) creation of false identification documents purporting to be from several different jurisdictions; and (e) possession of the equipment to manufacture the false identification documents.

Third, the Presentence Report reveals the defendant's significant criminal history over the past ten years, including: (a) eight prior criminal convictions for relatively minor crimes ranging

3

from traffic offenses to property offenses; (b) eight prior arrests that did not result in criminal convictions; (c) six pending criminal cases in five separate jurisdictions; and (d) several outstanding warrants for failure to appear.  This sort of criminal history reveals an individual who has disrespected the law in many instances over many years and in many different places, and who cannot be trusted to abide by the Court's orders.

Fourth, the defendant has gone to great lengths to avoid detection from law enforcement and to conceal his true identity.  These efforts include the defendant's extensive use of aliases in his business operation and in the community, and the possession of false identification documents bearing his photograph upon arrest and also in his home.  The defendant also fled from law enforcement on foot prior to his arrest, causing a potentially dangerous foot chase.  The defendant's efforts to avoid detection have included the theft of another person's identity by virtue of the false identification documents bearing the name of a resident of Washington, D.C., who was a client of a dog walking company, and who trusted the defendant to enter his or her home in order to perform that service.

Finally, the defendant did the right thing by accepting responsibility for his conduct by pleading guilty.  The Presentence Report also reveals that the defendant suffers from substance abuse problems, and may benefit from the treatment available as part of post-incarceration supervised release.  A sentence in the middle of Sentencing Guidelines range acknowledges the seriousness of the offense and the defendant's history and characteristics, and credits the defendant for accepting responsibility.  Such a sentence will sufficiently punish defendant Harsha for his conduct, deter future crimes, and protect the public from further misconduct.

Respectfully submitted,

RONALD C. MACHEN JR.
UNITED STATES ATTORNEY
DC Bar No. 447889

By: _____/MJF/_____
MICHAEL J. FRIEDMAN
ASSISTANT UNITED STATES ATTORNEY
NY 4297461
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 252-6765
Michael.Friedman@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on December 19, 2014, this memorandum was served via the Court's Electronic Filing System on Jonathan Jeffress, Esq.

                                                /MJF/

                                      Michael J. Friedman